Per Curiam.

Plaintiff made out a prima facie case by competent testimony to the effect that the defendant hospital failed to provide the usual and customary facilities for the sterilization of hypodermic needles, in that it did not furnish, for the use of its nurses, a closed appliance utilizing steam under pressure (Volk v. City of New York, 284 N. Y. 279).
The plaintiff’s expert testified, or so the jury might have reasonably inferred from his testimony, that sterilization by boiling in water in open air was an inadequate and improper procedure because not all of the germs and spores were killed by that method; and, further, that the boiling method that was actually used was improper even as a boiling method, because such a method required retention of the instruments in boiling water for at least twenty minutes. The expert testified, moreover, that greater care in sterilizing was required in injecting drug addicts because their skin had a tendency to devitalization and hence was more subject to infection.
The plaintiff is entitled to the most favorable inference to be drawn from the testimony given in his behalf. The testimony of his expert, taken in connection with the fact that the plaintiff came to the hospital to obtain treatment advertised by it to cure drug addicts, was sufficient to put the defendant to its proof. It was error, therefore, to dismiss the complaint at the close of the plaintiff’s case. Judgment dismissing the complaint should be reversed and a new trial should be ordered, with costs to the appellant to abide the event.
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.